# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-0798V

| | |
|---|---|
| ALFRED ENGLERT, JR., | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: May 31, 2024 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Catherine Wallace Costigan, Maglio Christopher & Toale, Washington, DC, for Petitioner.*

*Katherine Edwards, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON DAMAGES[1]

On June 1, 2023, Alfred Englert, Jr. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he developed Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine that was administered on October 11, 2021. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 14, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On May 31, 2024, Respondent filed a proffer on award of compensation ("Proffer"). Respondent represented that Petitioner agrees with the

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

proffered award. *Id.* at 1 – 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

**Pursuant to the terms stated in the attached Proffer, I award the following:**

A. **A lump sum payment of $512,170.03 (representing $163,000.00 for pain and suffering, $13,205.72 for past unreimbursable expenses, and $335,964.31 for past lost wages) in the form of a check payable to Petitioner.**

B. **A lump sum payment of $1,778.04, in the form of a check payable jointly to Petitioner, Alfred Englert, and Texas Health Resources. Petitioner agrees to endorse this payment to Texas Health Resources and forward the check to:**

**Texas Health Resources**
**Attention: Business Office**
**P.O. Box 733546**
**Dallas, TX 75373**

C. **A lump sum payment of $300.00, in the form of a check payable jointly to Petitioner, Alfred Englert, and Virtue Anesthesia. Petitioner agrees to endorse this payment to Virtue Anesthesia and forward the check to:**

**Virtue Anesthesia**
**3301 S 14th St, Ste 16180**
**Abilene, TX 79605**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

ALFRED ENGLERT, JR.,

Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

Respondent.

No. 23-798V
Chief Special Master Brian H. Corcoran
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On June 1, 2023, Alfred Englert ("petitioner") filed a petition for compensation

("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to

34, as amended ("Vaccine Act" or "Act"). Petitioner alleges that he suffered the Vaccine Injury

Table injury of Guillain-Barre Syndrome ("GBS") that developed following an influenza ("flu")

vaccine administered on October 11, 2021. Petition at 1. On February 9, 2024, the Secretary of

Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is

appropriate for compensation under the terms of the Act for a GBS Table injury, and on

February 14, 2024, the Chief Special Master issued a Ruling on Entitlement finding petitioner

entitled to compensation. ECF No. 21; ECF No. 22.

## I.    Items of Compensation

### A.    Pain and Suffering

Respondent proffers that petitioner should be awarded $163,000.00 in pain and suffering.

*See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $15,283.76, of which $13,205.72 will be paid to petitioner, $1,778.04 to be paid jointly to petitioner and Texas Health Resources, and $300.00 to be paid jointly to petitioner and Virtue Anesthesia. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

C. Lost Wages

Evidence supplied by petitioner documents that he incurred past lost wages related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past lost wages in the amount of $335,964.31. *See* 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]:

- A lump sum payment of $512,170.03, in the form of a check payable to petitioner, Alfred Englert.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings and future pain and suffering.

- A lump sum payment of $1,778.04, in the form of check payable jointly to petitioner, Alfred Englert, and Texas Health Resources. Petitioner agrees to endorse this payment to Texas Health Resources and forward the check to:

    Texas Health Resources
    Attention: Business Office
    P.O. Box 733546
    Dallas, TX 75373

- A lump sum payment of $300.00, in the form of check payable jointly to petitioner, Alfred Englert, and Virtue Anesthesia. Petitioner agrees to endorse this payment to Virtue Anesthesia and forward the check to.

    Virtue Anesthesia
    3301 S 14th St, Ste 16180
    Abilene, TX 79605

III. **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Alfred Englert: **$512,170.03**

Lump sum payable jointly to petitioner and Texas Health Resources: **$1,778.04**

Lump sum payable jointly to petitioner and Virtue Anesthesia: **$300.00**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

3

/s/ *Katherine Edwards*
Katherine Edwards
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Tel: (202) 742-6374
Katherine.Edwards2@usdoj.gov

Dated: May 31, 2024